UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Robinson,<br>*a.k.a. Gary L. Robinson,*<br><br>      Plaintiff,<br><br>vs.<br><br>Michael McCall, Warden;<br>Miriam Snyder, Inmate Grievance Coordinator;<br>Chris Florian, Office of General Counsel,<br><br>      Defendants.<br>_____ | ) C/A No. 4:12-3444-TLW-TER<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Perry Correctional Institution, alleging violations of 42 U.S.C. § 1983.   Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to a district judge. For the reasons that follow, the undersigned recommends that the case be dismissed  without prejudice and without issuance and service of process.

Factual and Procedural Background

  The  complaint  alleges  that  officers  placed  Plaintiff  in  "lock-up"  at  Perry  Correctional Institution (PCI) on September 10, 2010.  ECF No. 1, page 5.  Plaintiff received some of his property, but was informed that his legal box had been placed in the property control room. *Id.* Upon Plaintiff's release to the general population, he learned that his legal box, containing documents, a transcript and "law book material," was missing. *Id.* at 2, 5.

  Plaintiff filed a grievance with defendant Miriam Snyder on October 5, 2010, attached to an "emergency request stating that Plaintiff has a pending legal matter." *Id.*  Plaintiff claims that

defendant Snyder waited approximately five months to provide a response and, thus, did not timely process Plaintiff's grievance. *Id.* at 2–3. Plaintiff complained to defendant Warden Michael McCall both verbally and in writing, to no avail. *Id.* at 3. Plaintiff claims that the failure to locate his legal box constitutes a "blatant disregard for pending legal action in state court," and resulted in a "procedural bar for further litigation of his current conviction and sentence." *Id.* at 2. Plaintiff believes that the information in the legal box "would have change[d] the results of his sentence conviction." *Id.* at 6. Plaintiff alleges that defendant Chris Florian inappropriately responded to Plaintiff's grievance by stating that the South Carolina Department of Corrections (SCDC) did not have to reimburse Plaintiff for "the negligence on the part of SCDC staff." *Id.* at 6–7. Plaintiff seeks monetary damages for interference with his access to court. *Id.* at 4.

## Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the complaint alleges that each of the defendants failed to properly respond to Plaintiff's institutional grievances. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D.Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims against defendants McCall, Snyder, and Florian, for failure to timely process, or appropriately respond to, Plaintiff's grievances, are not cognizable under 42 U.S.C. § 1983.

Next, the complaint alleges that the defendants' failure to properly respond to the grievances, and locate Plaintiff's missing legal box, constitutes denial of court access. The Fourth Circuit has held that "destruction or unreasonable seizure or tampering with important legal materials is an unconstitutional interference with a prisoner's right of access to the courts." *Bryant v. Muth*, 994 F.2d 1082, 1087 (4th Cir. 1993); *see also Carter v. Hutto*, 781 F.2d 1028, 1032 (4th Cir. 1986). However, the instant pleading provides no facts to show that any of the defendants destroyed, seized, tampered, or otherwise handled, Plaintiff's legal box. Instead, the complaint claims that Plaintiff's legal box was lost during his transfer to lock-up. ECF No. 1, page 5. As the complaint fails to demonstrate the defendants' unconstitutional interference with Plaintiff's legal box, his access to court claim is subject to summary dismissal. *See Brown v. Johns*, No. 2:05-cv-43, 2007 WL 2589952 at *1 (W.D.Mich. Aug. 23, 2007)(no cause of action under § 1983 where plaintiff fails to show confiscation or destruction of legal papers); *Stewart v. Nuth*, Civ. A. No. HAR-92-1325, 1992

4

WL 345663 at *1 (D.Md. Nov. 17, 1992)(prisoner failed to show interference with, or destruction of, legal mail by the named defendants).

At best, Plaintiff alleges that he has been injured by "acts of gross [negligence]" and seeks reimbursement "due to negligence." ECF No. 1, pages 1–2. However, a negligence claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986)(negligent failure to protect an inmate does not "deprive" him of liberty or violate the Constitution); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct). Because negligent behavior on the part of a government official does not present a Constitutional violation, Plaintiff's negligence claims against defendants McCall, Snyder and Florian are also subject to summary dismissal.[1]

## Conclusion

Accordingly, it is recommended that the case be dismissed *without prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

|  |  |
|---|---|
| January 4, 2013 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). However, as indicated above, the complaint provides no indication that any of the defendants intentionally deprived Plaintiff of property.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).